UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANNY ESPINOSA VILTRES,

      Petitioner,

v.                                    Case No.  2:26-cv-1686-JES-KRH

WARDEN, FLORIDA SOFT SIDE
SOUTH, et al.,

      Respondents.

_____/

## OPINION AND ORDER

Before the Court are Petitioner Danny Espinosa Viltres's *pro se* petition for writ of habeas corpus (Doc. 1) and the government's response (Doc. 7).  For the reasons below, the Court grants the petition to the extent set forth in this Order.

## I.   Background

Espinosa Viltres is a native and citizen of Cuba who was paroled into the United States on November 17, 2023.  (Doc. 7 at 2-3).  He was taken into immigration custody on February 5, 2026 after his arrest for domestic violence.  (Id. at 3).  A notice to appear was issued on the same day.  (Id.)  On May 12, 2026, Espinosa Viltres had a master hearing where he admitted the allegations and conceded the charges in the notice to appear.  (Id.)  He submitted an I-589 application for asylum.  (Id.)  He has another master hearing set for June 15, 2026.  (Id.)

Espinosa Viltres argues, without explanation, that his detention violates the Due Process Clause of the Constitution and that he is entitled to immediate release. (Doc. 1 at 6). However, § 1226(a)(1) of the INA grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings, and the Court will not order immediate release. But because he proceeds *pro se*, the Court liberally construes his petition as also requesting a bond hearing under 8 U.S.C. § 1226(a).

## II.  Discussion

Under 8 U.S.C. § 1226(a) of the Immigration and Nationality Act (INA), the government is authorized "to detain certain aliens already in the country pending the outcome of removal proceedings[.]" Jennings v. Rodriguez, 583 U.S. 281, 289 (2018). But 8 U.S.C. § 1226(a) provides additional safeguards, including the right to an individualized bond hearing. Id. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.")(citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Eleventh Circuit recently addressed the issue of whether "unadmitted aliens found in the interior of the United States are eligible for bond as they go through immigration proceedings." Hernandez Alvarez v. Warden, 175 F.4th 1258, 1261 (11th Cir. 2026). The Court determined that "no-bond detention generally applies to

2

arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here." Id. Respondents acknowledge that district courts in the Middle District of Florida have interpreted Hernandez Alvarez to apply to noncitizens such as Petitioner who applied for admission at the border and were subsequently released into the interior of the United States. And under Hernandez Alvarez, these noncitizens are entitled to an individualized bond hearing under 8 U.S.C. § 1226(a). (Doc. 7 at 5-6).

The Court will thus order Respondents to either release Espinosa Viltres or bring him before an immigration judge within seven days for a merit-based § 1226 bond hearing where the government must show that he is a flight risk or danger to the community.[1] To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of all evidence properly submitted by the petitioner and the factors announced in In re Guerra, 24 I. & N. Dec. 37 (BIA 2006). Espinosa Viltres's counsel (if any) must receive at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.

---

[1] Respondents requests "a reasonable period of seven working days to arrange an individualized bond hearing." (Doc. 7 at 6).

Accordingly, it is **ORDERED:**

1.    Danny Espinosa Viltres's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

2.    Within **SEVEN (7) DAYS,** Respondents shall either provide Espinosa Viltres with the statutory process required under § 1226—which includes a merit-based bond hearing—or release him under reasonable conditions of supervision.

3.    If Respondents release Espinosa Viltres, they shall facilitate his transportation from the detention facility by notifying his counsel or family of when and where he may be collected.

4.    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on June 8, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

4